**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BRUNSEN BURNER COMPANY and LOUD
CLOUD, LLC,

       Plaintiffs,

vs.                                                                                              No. CIV 24-0952 JB/LF

GRP NM LLC, EUGENIA SMITH,
FREDRICK LAWERENCE, CUSTOMER
DOES 1-10,

       Defendants,
and

GRP NM LLC,

       Counter-Claimant,

vs.

BRUNSEN BURNER COMPANY,

       Counter-Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on: (i) GRP NM LLC's Opposed Motion to Set

Aside Clerk's Entry of Default and Brief in Support, filed March 19, 2025 (Doc. 17)("Motion to

Set Aside Default"); and (ii) the Plaintiffs' Motion for Default Judgment, filed July 10, 2025 (Doc.

23)("Motion for Default Judgment").  The Court holds a hearing on November 14, 2025.  <u>See</u>

Clerk's Minutes at 1, filed November 14, 2025 (Doc. 36).  The primary issues are: (i) whether the

Court should set aside the Clerk's Entry of Default, filed December 17, 2024 ("Clerk's Entry of

Default"), under rule 55(c) of the Federal Rules of Civil Procedure, because Defendant GRP NM

LLC has shown good cause to set aside the Clerk's Entry of Default; and (ii) whether the Court

should enter default judgment as to GRP NM under rule 55(b) of the Federal Rules of Civil

Procedure, because GRP has been so unresponsive that it has prejudicially halted the adversarial process. The Court concludes that: (i) GRP NM has shown good cause for its delay in its participation in the case, because GRP NM's behavior does not rise to the level of a "willful default" and, accordingly, the Court grants the Motion to Set Aside Default; and (ii) in line with its grant of the Motion to Set Aside Default, the Court denies the Motion for Default Judgment.

## FACTUAL BACKGROUND

On September 25, 2024, the Plaintiffs Brunsen Burner Company and Loud Cloud, LLC file the Complaint (Doc. 1), asserting claims of patent infringement, common-law negligent interference with prospective economic relations, common-law tortious interference with prospective economic relations, and common-law unfair competition. See Motion to Set Aside Default at 2. GRP NM asserts that it does not learn of the suit until sometime in February or March of 2025 "when an employee inadvertently discovered the suit through a review of GRP online job opening advertisements." Motion to Set Aside Default at 2. GRP asserts that, "[b]ased on the return of service, GRP's registered agent for New Mexico, Capitol Corporate Services, Inc. (CCS) received the summons and complaint on October 7, 2024." Motion to Set Aside Default at 2. Further, although it appears the summons and Complaint "may have been sent via FedEx to GRP," GRP NM has no record of receiving them, and no GRP NM representative recalls having received them. Motion to Set Aside Default at 2. After learning of the lawsuit, GRP NM conducts a "diligent" search of its electronic and physical records, and does not identify any documents that relate to the lawsuit. Motion to Set Aside Default at 2. GRP NM then identifies one email from CCS to GRP NM after a "further search of electronic records of a related entity." Motion to Set Aside Default at 2. "It is believed that neither CCS's email, nor the attachments were ever opened or forwarded prior to the recent electronic records search." Motion to Set Aside Default at 2. "Upon learning of the suit, GRP promptly retained counsel to appear in this matter." Motion to

Set Aside Default at 2.  On December 17, 2024, because GRP NM fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, the Clerk of the Court enters default against GRP NM.  See Clerk's Entry of Default, at 1, filed December 17, 2024 (Doc. 9).

**ANALYSIS**

Under rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause.  FED. R. CIV. P. 55(c).  The principle factors in determining whether a defendant has met the good cause standard are: (i) "whether the default was the result of culpable conduct of the defendant"; (ii) "whether the plaintiff would be prejudiced if the default should be set aside"; and (iii) "whether the defendant presented a meritorious defense."  Hunt v. Ford Motor Co., No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995)(citing In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)).[1]  See Watkins v. Donnelly, 551 App'x 953, 958 (10th Cir. 2014)("In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.").  The standard for setting aside an entry of default under rule 55(c) is liberal because the "preferred disposition of any case is upon its merits and not by default

---

[1] Hunt v. Ford Motor Co. is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Hunt v. Ford Motor Co., Watkins v. Donnelly, 551 App'x 953 (10th Cir. 2014), and Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744 (10th Cir. 2009), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). Unlike the steep showing needed to set aside a judgment under rule 60, the Court has more discretion in its consideration of a motion to set aside a clerk's entry of default. See Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 749 (10th Cir. 2009). In exercising its discretion in this rule 55 context, the Court is mindful of the maxim that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction purely as a penalty for delays in filing or other procedural error." Noland v. City of Albuquerque, No. CIV 08-0056JB/LFG, 2009 WL 2424591, at * 1 (D.N.M. June 18, 2009)(Browning, J.). The standard to enter a default judgment under rule 55(b) is higher. To enter a default judgment, the Court must give heavy weight in its analysis whether "the adversary process has been halted because of an essentially unresponsive party, because in that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." In re Rains, 946 F.2d 731, 732-33 (10th Cir. 1991).

Here, GRP NM asserts that it is not timely responsive to the lawsuit, because its registered agent for New Mexico, CCS, upon whom the summons and complaint is served, notifies GRP NM about the lawsuit through only an email sent to a related entity, GRP Holdings, LLC, and not to GRP NM. See Motion to Set Aside Default at 2. GRP NM states, upon belief, that no one opens the email or forwards the email before GRP's electronic records search related to the lawsuit. See Motion to Set Aside Default at 2. Further, although GRP NM admits that it appears as if the summons and Complaint are sent via FedEx to GRP NM, GRP NM avers to the Court that "these materials have not been located at GRP, GRP has no record of receiving them, and no GRP representative recalls having received them." Motion to Set Aside Default at 2. Finally, "[u]pon learning of the suit, GRP promptly retained counsel to appear in this matter." Motion to Set Aside

Default at 2.  The Court concludes that this behavior does not rise to the level of a "willful default" necessary to uphold the default's entry.  Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x at 750.  Although the Plaintiffs correctly carry out service on GRP NM's registered New Mexico agent, this agent does not notify the correct entity of the lawsuit, emailing a related entity instead of GRP NM itself, giving GRP NM no notice of the lawsuit.  Further, once GRP NM learns of the lawsuit, "through a review of GRP online job opening advertisements," GRP NM promptly retains counsel and files a motion to set aside the clerk's entry of default.  Motion to Set Aside Default at 2.

The Court also determines that there is a lack of prejudice to the Plaintiffs by this delay in the case; the only prejudice the Plaintiffs assert is the harm that results as GRP NM continues to allegedly infringe Plaintiffs' patents.  See Plaintiffs' Opposition to Defendant's Motion to Set Aside Clerk's Entry of Default, at 3, filed March 26, 2025 (Doc. 18).  The Plaintiffs do not file, however, a motion for a temporary restraining order or preliminary injunction, and therefore, this harm would have occurred had GRP participated in the lawsuit in a timely manner.  Accordingly, the Court determines that this alleged prejudice does not sustain the default's entry against GRP NM.  See Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)("[D]elay alone is not a sufficient basis for establishing prejudice.")(internal citations and quotations omitted).  Finally, the Court determines that GRP NM has asserted defenses which are sufficiently meritorious for the Court to allow the case to go forward and for the Court to decide the case on the merits.  Based on its analysis of the three factors for setting aside the entry of a default judgment, the Court concludes that there is good cause to set aside the Clerk's Entry of Default. The Court's balance of the relevant considerations suggests that the Court should set aside the Clerk's Entry of Default so that the parties may reach a resolution of their dispute on the merits.  Further, the Court cannot conclude reasonably that the high standard for entering default judgment is apparent on these facts, because

the Court cannot say GRP NM willingly, deliberately halted the adversarial process and causes a prejudicial delay to the Plaintiffs.

**IT IS ORDERED** that: (i) the Opposed Motion to Set Aside Clerk's Entry of Default and Brief in Support, filed March 19, 2025 (Doc. 17) is granted; (ii) the Plaintiffs' Motion for Default Judgment, filed July 10, 2025 (Doc. 23) is denied; and (iii)  the Clerk's Entry of Default, filed December 17, 2024 (Doc. 9) is set aside, and Defendant GRP NM LLC may participate in this case free of default judgment against him.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Allison M. Corder
RedRoc IP LLC
Chicago, Illinois

--and--

Arthur D. Hodge
Julie L. Hunt
Arthur D. Hodge, A Professional Law Corporation
Carlsbad, California

> *Attorneys for the Plaintiff/Counter-Defendant Brunsen Burner Company and the Plaintiff Loud Cloud LLC*

Luis M. Ortiz
Ortiz & Lopez, PLLC
Albuquerque, New Mexico

--and--

Paul E. Rossier
Todd A. Nelson
Gable Gotwals
Tulsa, Oklahoma

> *Attorneys for the Defendant/Counter-Claimant GRP NM LLC*